UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERICA FLANDERS,<br>1517 N. 27th St.<br>Philadelphia, PA 19121<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF PHILADELPHIA (Dept. of Prisons)<br>1515 Arch St.<br>Philadelphia, PA 19102,<br><br>　　　　　　　　　　Defendant. | C.A. No.:  26-125<br><br>***TRIAL BY JURY DEMANDED*** |

**CHARGE OF DISCRIMINATION**

Plaintiff, Erica Flanders, by and through her undersigned attorneys, files the within Complaint ***With demand for trial by jury*** and avers as follows:

**I.      PARTIES, JURISDICTION & VENUE**

1.      Plaintiff/Employee, Erica Flanders, is an adult individual, domiciled at the above-captioned address.

2.      Defendant/Employer, City of Philadelphia, is a City of the First Class in the Commonwealth of Pennsylvania and may be served at the above-captioned address. The Philadelphia Department of Prisons is the relevant department.

3.      This Court has original question jurisdiction over Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII").

4.      This Court has supplemental jurisdiction over claims brought under the Pennsylvania Human Relations Act, Pa. Stat. Ann. tit. 43, § 951 et seq. (the "PHRA"); and the Philadelphia Fair Practices Ordinance ("PFPO"), Philadelphia Code, Ch. 9-1100.

5. On December 22, 2025, Plaintiff timely filed Charge # 530-2026-02192 (the "Charge") in the Equal Employment Opportunity Commission ("EEOC") with Request to Cross-File with the Pennsylvania Human Relations Commission ("PHRC") and/or the Philadelphia Commission on Human Rights ("PCHR").

6. The Charge was timely filed within 180 days of the acts, pattern and practices giving rise to the Charge and pled in detail therein. In the alternative, the Charge was filed within 300 days of the acts, pattern and practices giving rise to the Charge and pled in detail herein.

7. On December 31, 2025, the EEOC issued a Notice of Right to Sue (Issued Upon Request). This action is timely commenced within 90 days of the issuance of such notice.

8. Venue is appropriate in this Court Defendant's place of business where Plaintiff was employed is located in Philadelphia, Pennsylvania.

9. At all relevant times, Defendant is an "employer" as defined in and/or within the meaning of all relevant statutes, including Title VII, PHRA, and PFPO.

10. At all relevant times, Plaintiff was an eligible employee as defined in and/or within the meaning of all relevant statutes, including Title VII, PHRA, and PFPO.

**II.   FACTUAL ALLEGATIONS**

11. Plaintiff was hired on or about December 20, 2021 as a Correctional Officer.

12. For approximately the past three years, Plaintiff reported to Curran Fromhold Correctional Facility ("CFCF"), the largest prison at the prison complex on State Rd. in Philadelphia.

13. When Plaintiff worked overtime at CFCF, she was supervised by Sgt. Terrance Kilson. Kilson engaged in outrageous sexually hostile statements and acts, including inappropriate sexual touching of Plaintiff.

14. On August 29, 2025, Plaintiff gave a detailed statement to the Office of Professional Conduct ("OPC") about the unlawful conduct of Kilson. Lt. Shawn Jay, OPC Investigator, took a

statement from Plaintiff. *Exhibit A*. Plaintiff made additional complaints to Jay that were not documented in this statement; however, it is clear from *Exhibit A* that Plaintiff was subjected to severe and/or pervasive acts of sexually harassing conduct by Kilson.

15. It is believed, and therefore averred, that Kilson engaged in sexually harassing conduct with others before Plaintiff had to report to him. Therefore, Defendant is responsible for creating a sexually hostile work environment even before Plaintiff complained about Kilson.

16. After Plaintiff's complaint, Plaintiff was reassigned to a different unit in CFCF. However, Defendant failed to remediate because Plaintiff was still required to report to Kilson when she worked overtime.

17. In retaliation for her complaints against him, Kilson recommended Plaintiff by an Employee Violation Report ("EVR") allegedly because Plaintiff entered the A Building of CFCF when she was not authorized. This was not so; Plaintiff's official duties required her to enter the A Building.

18. On November 13, 2025, Plaintiff attended a formal board hearing and faced possible suspension from the EVR. The hearing was presided by Deputy Commissioner Xavier Beaufort.

19. Before the hearing, Plaintiff's union business agent, Carlos Carmona, told Beaufort that Plaintiff made claims of sexual harassment against Kilson before the EVR.

20. Beaufort, with full knowledge of Kilson's harassing conduct and motive to issue the EVR to Plaintiff, determined that Plaintiff was not in an unauthorized area; that she was performing her job duties, but nevertheless sustained a written warning against Plaintiff for failing to inform Kilson that she was in the area.

21. To Plaintiff's knowledge, Kilson faced no discipline for his harassing conduct; Defendant failed to even investigate Plaintiff's complaints in *Exhibit A* any further than Plaintiff's statement.

22. To this day, Plaintiff still must report to Kilson when she works overtime. This has caused Plaintiff great distress, anxiety, sleeplessness and emotional distress.

23. Plaintiff is reluctant to seek overtime shifts, knowing that it is likely she will have to report to Kilson during those shifts.

24. Plaintiff is in fear of additional acts of retaliation by Defendant; a written warning is in her jacket for purely pretextual (or "mixed motive") reasons.

25. Defendant's failure to remediate the harassment and its decision to discipline Plaintiff after she complained would deter a reasonable employee from making or supporting a charge of discrimination.

26. Plaintiff is entitled to actual damages sustained as a result of Defendant's unlawful conduct. Plaintiff suffered severe emotional distress, lost wages and other injuries set forth in this Charge and as will be developed through the course of discovery.

27. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, which include but are not limited to:

   a) Lost wages;
   b) Lost back pay;
   c) Lost future wages;
   d) Lost benefits;
   e) Embarrassment and humiliation;
   f) severe emotional distress; and
   g) other damages as described in further detail in this pleading and as will become evident through the course of discovery.

28. Plaintiff is entitled to costs and reasonable attorney's fees for enforcement of her civil rights.

29. Plaintiff is entitled to equitable relief for enforcement of her civil rights; and such other relief as the Commission finds just and proper.

### III.  CAUSES OF ACTION

### COUNT I:  TITLE VII – SEXUAL HARASSMENT/ HOSTILE WORK ENVIRONMENT

30. Repeats and realleges paragraphs 1-28 as if set forth at length herein.

31. Defendant's conduct created a hostile work environment, in violation of Title VII, the PHRA and the PFPO.

32. The elements of a sexual harassment/hostile work environment claim are:

   1) the employee suffered intentional discrimination because of his/her sex
   2) the discrimination was severe or pervasive
   3) the discrimination detrimentally affected the Plaintiff
   4) the discrimination would detrimentally affect a reasonable person in like circumstances, and
   5) the existence of *respondeat superior* liability.

33. Plaintiff suffered intentional discrimination because of her sex, as set forth in detail above and incorporated herein by reference.

34. The discrimination was severe and pervasive.

35. The discrimination detrimentally affected Plaintiff.

36. Defendant, through Plaintiff's supervisory employees and/or other agents with authority to act on behalf of Defendant, failed to take immediate and appropriate corrective action upon learning of the discriminatory conduct.

37. Defendant's conduct after Plaintiff's complaints, as set forth in detail above and incorporated herein by reference, also constituted severe and pervasive discrimination against Plaintiff.

38. As a direct and proximate result of Defendant's conduct, Plaintiff was detrimentally affected by the conduct of Defendant as set forth in detail above and incorporated herein by reference, and as will be established through the course of discovery into the damages that Plaintiff suffered.

39. A reasonable person in like circumstances would be detrimentally affected by Defendant's conduct detailed above and incorporated herein by reference.

40. The individuals who created the environment in which in the discriminatory conduct occurred had *respondeat superior* authority to bind Defendant. Accordingly, Defendant is liable for such conduct.

41. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff seeks a finding against Defendant, City of Philadelphia, Department of Prisons, for all equitable and monetary relief available under the applicable laws and other such relief as may be awarded; including but not limited to compensatory damages, liquidated damages, prejudgment interest, attorney's fees and costs, and all other damages allowed under the applicable laws.

**COUNT II:   RETALIATION**

42. Repeats and realleges paragraphs 1-41 as if set forth at length herein.

43. Defendant committed unlawful retaliatory conduct in violation of Title VII, the PHRA and the PFPO.

44. The elements of a retaliation claim are as follows:

   1) The Plaintiff engaged in a protected activity;
   2) The Defendant took an adverse employment action against the Plaintiff;
   3) There was a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

45. Plaintiff engaged in a protected activity, as set forth in detail above and incorporated herein by reference.

46. Defendant took several adverse employment actions against Plaintiff, as set forth in detail above and incorporated herein by reference.

47. Defendant's adverse employment actions were taken as a direct and proximate result of Plaintiff's participation in the protected activity.

48. Defendant, through Plaintiff's supervisory employees and/or other agents with authority to act on behalf of Defendant, failed to take immediate and appropriate corrective action upon learning of Plaintiff's supervisor's unlawful conduct.

49. Defendant's conduct after Plaintiff's complaints, as set forth in detail above and incorporated herein by reference, also constituted retaliation against Plaintiff.

50. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff seeks a finding against Defendant, City of Philadelphia, Department of Prisons, for all equitable and monetary relief available under the applicable laws and other such relief as may be awarded; including but not limited to compensatory damages, liquidated damages, prejudgment interest, attorney's fees and costs, and all other damages allowed under the applicable laws.

**COUNT III: SEX DISCRIMINATION**

51. Repeats and realleges paragraphs 1-50 as if set forth at length herein.

52. The elements of a claim for sex discrimination are that the Plaintiff:

   1) is a member of a protected class;
   2) Is qualified for the position she sought to retain;
   3) suffered an adverse employment action; and
   4) the action occurred under circumstances that could give rise to an inference of intentional discrimination.

53. Plaintiff is a member of a protected class. Plaintiff is a female.

54. Plaintiff was qualified for the position she sought to retain. At all times material, Plaintiff is and was qualified and competent to serve as Correctional Officer.

55. Plaintiff suffered several adverse employment actions as set forth in detail above and incorporated herein by reference.

56. The adverse action suffered by Plaintiff occurred under circumstances that could give rise to an inference of intentional discrimination. Those circumstances are set forth in detail above and incorporated herein by reference.

57. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff seeks judgment against Defendant City of Philadelphia, Department of Prisons, for all equitable and monetary relief available under the applicable laws and other such relief as may be awarded; including but not limited to compensatory damages, liquidated damages, prejudgment interest, attorney's fees and costs, and all other damages allowed under the applicable laws.

**COUNT IV:  PHRA**

58. Repeats and realleges paragraphs 1-57 as if set forth at length herein.

59. The foregoing violations of federal laws also constitute violations of the PHRA.

60. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff seeks judgment against Defendant City of Philadelphia, Department of Prisons, for all equitable and monetary relief available under the applicable laws and other such relief as may be awarded; including but not limited to compensatory damages, liquidated damages, prejudgment interest, attorney's fees and costs, and all other damages allowed under the applicable laws.

**COUNT V:  PFPO**

61. Repeats and realleges paragraphs 1-60 as if set forth at length herein.

62. The foregoing violations of federal and state laws also constitute violations of the PFPO.

63. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe injuries, as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiff seeks judgment against Defendant City of Philadelphia, Department of Prisons, for all equitable and monetary relief available under the applicable laws and other such relief as may be awarded; including but not limited to compensatory damages, liquidated damages, prejudgment interest, attorney's fees and costs, and all other damages allowed under the applicable laws.

          Respectfully submitted,

          CREECH & CREECH, LLC

          /s/ Timothy P. Creech
          TIMOTHY P. CREECH
          1835 Market St., Suite 2710
          Philadelphia, PA 19103
          (215) 575-7618; Fax: (215) 575-7688
          Timothy@CreechandCreech.com

DATED:    January 8, 2026